DELORES VILLARREAL, Plaintiff-Appellee, *v.* HAROLD LEDERMAN *et al.*, Defendants-Appellants.

First District (3rd Division)    No. 80-692

Opinion filed March 4, 1981.

John C. Kiely, of Chicago (John J. Zachara, of counsel), for appellants.

Heller & Morris, and Schwartzberg, Barnett & Cohen, both of Chicago (Hugh J. Schwartzberg, of counsel), for appellee.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

Plaintiff, Delores Villarreal, brought this action for personal injuries which she sustained in a fall on the stairs of a building owned by defendants, Harold Lederman and Richard Ringewald. A jury returned a verdict in favor of plaintiff and against defendants in the amount of $7,500. The jury also answered a special interrogatory to the effect that plaintiff was not guilty of contributory negligence. The trial court entered judgment on the verdict and denied defendants' post-trial motion. On appeal defendants contend that the trial court erred in refusing to direct a verdict for defendants and in permitting plaintiff's expert to testify. The facts are as follows.

Plaintiff was injured on March 11, 1974, when she fell on the stairs of a building located at 3356 West 26th Street in Chicago. At the time, plaintiff was engaged in her duties as a social worker for the Chicago Boys Club. She was assigned to accompany an adult to a mental health facility in the building. Plaintiff had escorted the adult to a washroom on the second floor, and was descending the stairs when the fall occurred.

Plaintiff, who weighed 275 pounds, testified that the steps were very narrow. While ascending, she had noticed that each step had a metal strip and that the metal strips were not "firmly tacked down." The strips were loose under foot, but were not bent or distorted. The ball of her foot was over the edge of the step while her heel remained on the stair. The shoe of her right foot was caught and caused her to fall at the sixth or seventh step from the bottom. Plaintiff carried a briefcase in her left hand and was holding the bannister with her right hand. She was looking at the steps as she descended. Prior to the fall, she looked at the step on which the fall occurred but noticed nothing wrong. Plaintiff was wearing new enclosed shoes with a 1½ inch heel. On cross-examination plaintiff testified that she had stated at her deposition that she was not carrying the briefcase at the time of the fall, but the deposition statement was incorrect. She did not remember how much of her foot was on the step.

Both defendants testified as adverse witnesses under section 60 of the

Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 60). The building was purchased in 1969 and remodeling was done then. A bannister was added, but no other work on the stairs was necessary because they were in good repair. No complaints were ever received about loose metal strips, and there were no prior falls on the staircase. Neither defendant ever noticed any of the metal strips in a loosened condition, and Ringewald used the steps several times a day. Each metal strip was 1½ to 2 inches in width.

Henry Mikolajczyk, professor of building technology and construction at the University of Illinois, Chicago Circle, testified as an expert witness for plaintiff. He had 39 years of experience in construction and design of buildings. The witness examined the stairway in question in October 1979, a short time before trial. The tread was measured at 10 inches. The witness believed the stairway to be hazardous because the aluminum nosing (metal strip) tends to be slippery and causes falls. Such nosing should be installed only on a stairway wider than the present one so that a person may step on the tread with the ball of the foot in a flat position rather than in an inclined position. The stairway also was dangerous because such nosing could not be fastened properly to the stair tread after wear occurs. The purpose of such nosing is to bridge a depression in the stair tread occasioned by wear. Consequently, an up-and-down movement will take place whenever pressure is applied. This movement occurs even if the screws are tightly fastened to the tread.

After plaintiff rested, the trial court denied defendants' motion for a directed verdict. Estella Lopez, an employee of Ringewald at the medical center, testified for defendants that she was present when plaintiff was injured. After attending plaintiff, Lopez examined the stairs. The stairs were not loose, and nothing was bent. Her entire foot fit on the step, and the metal strips were completely firm and did not give when Lopez stepped on them. Lopez never heard a complaint about loose metal stripping, and in her seven years of employment at the building, plaintiff was the only person who fell on the steps.

Defendants initially contend that the trial court erred in not granting their motion for a directed verdict at the conclusion of plaintiff's case. Defendants argue that plaintiff failed to establish any negligence on their part or freedom from contributory negligence on plaintiff's part, and further that plaintiff failed to show that defendants had notice of any defect. Plaintiff counters that defendants waived any error by the trial court in denying defendants' motion for a directed verdict by presenting a defense and failing to renew the motion at the close of all the evidence. We deem it unnecessary, however, to consider the waiver issue since we believe that plaintiff presented sufficient evidence to warrant submission of the matter to the jury and that the trial court correctly denied defendants' motion for a directed verdict.

■■ The parties agree that in order for an invitee to recover from an owner of a building for injuries, the invitee must prove that the place in question was not in a reasonably safe condition; that the unsafe condition was caused by the negligent act of the owner or had existed for a sufficient length of time so that the owner would or should have knowledge of it in time to prevent the injury; and that the injury to the invitee was not caused by a lack of ordinary care on the invitee's part. (See *Swanson v. S. S. Kresge Co.* (1939), 302 Ill. App. 455, 24 N.E.2d 62; *Heneghan v. Carson Pirie Scott & Co.* (1936), 285 Ill. App. 595, 3 N.E.2d 153 (abstract).) Plaintiff presented evidence that the stairways were narrow and that each step had a metal stripping which was loose and not firmly attached to the stair tread. As a result, her heel was caught, and she fell. Plaintiff herself testified that the metal stripping felt loose to her step, and her testimony received support from that of the expert witness. He explained that one of the reasons that the stairway was dangerous was that metal stripping could not be fastened securely to the step and that movement would occur when pressure was applied. The expert witness corroborated plaintiff's testimony as to the existence of an unsafe or defective condition. His testimony was also sufficient to warrant a jury concluding that, despite defendants' evidence, the defective condition had existed for a sufficient length of time to charge defendants with constructive notice of the condition. (See *Swanson v. S. S. Kresge Co.*) Similarly, the issue of plaintiff's due care at the time of the fall was a matter for the jury's determination. The trial court properly denied defendants' motion for a directed verdict.

■■ Defendants also contend that the trial court erred in permitting the expert witness to testify. They argue that expert testimony on matters of common knowledge is inadmissible, and that the construction and safety of stairways is a matter of common knowledge. In *Stanley v. Board of Education* (1973), 9 Ill. App. 3d 963, 293 N.E.2d 417, this court noted that the test of the admissibility of expert testimony was not whether the subject matter is common or uncommon or whether only a few persons had some knowledge, it was whether the witness had any peculiar knowledge or experience, not common to the world, which made the expert's opinion of any aid to the trier of fact in determining the questions at issue. The wisdom of that statement is evident in the present case where through his knowledge and experience, the expert witness was able to explain to the jury the relationship of the metal stripping or coning to the stair tread and to explain and support his opinion that the stairway was dangerous. The testimony of the expert witness was properly admitted into evidence.

We find no merit in defendants' argument that they are entitled to a new trial because of plaintiff's counsel's plan to elicit testimony from the

expert witness regarding the requirements of a stairway under the Building Code of the City of Chicago in violation of the trial court's order.

The record discloses that before the expert witness took the stand, his deposition was taken in the judge's chambers. There was also a discussion in chambers in which the trial court stated that plaintiff would not be allowed to bring in evidence of the stairway being a legal nonconforming use. During his examination of the expert witness, plaintiff's counsel asked what the Chicago Building Code said about the maximum height allowed for an uninterrupted rise in a stairway. When the trial court sustained defense counsel's objection, plaintiff's counsel sought a sidebar conference in which he sought permission to ask the question. The trial court stated that it wanted no reference to the Chicago Building Code, and the record reflects that plaintiff's counsel complied with that direction. In his answers, the expert witness twice referred to the building code. The court sustained defendants' objections and, without request, instructed the jury to disregard reference to the building code. After the witness' second such answer, the court, outside the jury's presence, instructed him not to mention the building code. The witness obeyed the direction. We find no evidence of a plan on the part of plaintiff's counsel to elicit improper testimony concerning the building code. Nor do we perceive any prejudice to defendants by the reference to the building code.

For the reasons stated, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

RIZZI, P. J., and McGILLICUDDY, J., concur.